*Hamilton & Kirby* and *J. S. Wirtman,* for plaintiff.

*W. S. Thurstin,* for defendant.

---

## ARBITRATION.

### [Circuit Court of Stark County.]

DANIEL F. MOCK v. NEWTON K. BOWMAN.

Decided, February Term, 1902.

*Statutory and Common Law Arbitration—The Award—May be Excepted to and Set Aside, How—No Appeal from an Overruling of the Exceptions to the Award—Where Real Estate is Involved, but the Title Passes to a Designated Person Under the Arbitration Agreement—Arbitration is Not Barred by the Statute—Previous Joining of Issue in Court Without Effect.*

1. The fact that the parties to an agreement for an arbitration had previously joined issued by pleadings in court, does not affect their right to submit their controversy to arbitration.

2. An arbitration is statutory, and not under the common law, where the agreement to arbitrate fixes the time and place of trial, names the arbitrators, provides that the result arrived at by a majority of the arbitrators may be made a rule of court, and that the parties shall enter into bonds for the faithful carrying out of the award, and the title to real estate is not involved.

3. The provision in Section 5601, which excepts from arbitration controversies involving the title or possession of real estate, is not violated where real estate forms a part of the property subject to arbitration, if it is designated in the agreement to arbitrate to whom the said real estate shall pass.

4. An appeal to the circuit court does not lie from the overruling of exceptions to the award in the common pleas court and the entering of judgment thereon.

VOORHEES, J.; DOUGLASS, J., and DONAHUE, J., concur.

Appeal from Court of Common Pleas of Stark County.

This suit was originally commenced in the court of common pleas for the purpose of settling a partnership, or for the disso-

lution of an existing partnership, and for the settlement of the matters in dispute between the parties. Issues were joined by proper pleadings in the common pleas court. After issues were joined the parties, by agreement in writing, agreed to submit their questions in dispute to three persons named in the articles of agreement for their determination. The terms of the agreement were in substance as follows:

That there was this suit pending in the common pleas court of this, Stark county, for the purpose of winding up the affairs of the late firm of N. K. Bowman & Co.; that the parties to adjust their differences entered into the agreement to arbitrate; that the arbitration was to embrace all questions and matters of difference, except as therein modified, which differences were to be submitted by the parties to the arbitration, determination and award of three persons named therein as arbitrators, who were to hear and determine the same at North Lawrence, Stark county, Ohio, beginning January 22, 1901, at 9 o'clock A. M., with the right to adjourn, and to make their award in writing on or before March 22, 1901; and when so made, said award was to be final, binding and conclusive upon the parties and shall be made a rule of the court of common pleas of Stark county, Ohio.

Said arbitrators were to make a complete inventory and appraisement of all property, real and personal, belonging to the firm, whether in the name of the firm or the individual name of the parties. They were to make a schedule of all liabilities of the firm, hear and determine all matters in dispute, accounts and dealings between the parties, and between said N. K. Bowman & Co., and either of the parties thereto, and state the account between them. They were to deduct from the assets all the liabilities, and determine the interest in the balance of the assets belonging to each of the parties.

It was further stipulated that the defendant Bowman should take, and be obligated himself to take, the real estate belonging to the firm located at North Lawrence, and all merchandise and machinery belonging to the firm; also all book accounts, credits and bills receivable belonging to the firm at the value placed upon the same by the arbitrators. The arbitrators were to determine which of the parties should take the real estate belonging

to the firm located in the city of Massillon, and the party taking the same under the award was to take it at the value placed thereon by the arbitrators. The said Bowman should pay any and all liabilities of the firm above referred to within six months from the date of the agreement, and he agreed to save Mock harmless from any liability thereon. If it should develop that there were any liabilities other than those contained in the schedule above provided for, then the same should be paid by Bowman, provided they are admitted by both parties to be *bona fide* indebtedness of the parties. If the parties could not so agree, and the matters are litigated, then said Bowman should pay the amount determined by said litigation, and said Mock agreed to reimburse Bowman for one-fourth of said liabilities together with one-fourth of the legitimate expenses incident to the litigation and adjustment of said liabilities. If it should develop that there are debts contracted for and incurred for the sole benefit of either of the parties and not for the benefit of the firm, the party so contracting and incurring the same should be charged with the amount thereof. If in the making of the award provided for it should be found there was any balance due from either party to the other, it was agreed that the one so found to be indebted to the other, should pay to such other said amount, or secure the payment thereof to the satisfaction of the parties to whom the same should be due, within thirty days from the date of said award.

It was further agreed that said Mock, upon the making of said award, should execute and deliver to Bowman a quit-claim deed for the North Lawrence real estate; that whichever party shall be required will execute and deliver a quit-claim deed for the Massillon property to the party awarded the same.

It was agreed that the wives of the respective parties should join their husbands in the execution of any deed necessary to carry out the provisions of the contract; that the parties should execute to the other a bond, with securities to be approved by John Eschliman, J. P., in the sum of $2,000, conditioned upon the faithful compliance with and performance of the agreement, and of carrying out and abiding by the award that shall be made by the arbitrators; and conditioned further upon the payment

of any loss or expense attended upon the failure of either party to abide the terms of the award or agreement; that the arbitrators should determine the question as to how the costs and expenses of the proceeding shall be paid; that should the arbitrators be unable to agree unanimously upon any matters provided to be submitted to them, then the opinion of any two of them should prevail; that the articles of agreement should be in force and binding from the signing of the same, and the execution and delivery of the bonds therein provided for, and at said date said agreement shall be made a rule of the court of common pleas as therein set forth.

These are substantially the terms of the agreement entered into between these parties. In pursuance of the agreement the cause proceeded to a hearing before the designated arbitrators, as threin provided for, and a result was reached by them and filed, as contemplated, in the court of common pleas.

After the award was so returned, exceptions were filed thereto by defendant Bowman. The exceptions, among other grounds, contained the statutory grounds under Section 5611, Revised Statutes:

1. That the award appears on its face to be erroneous.

2. That the award was obtained by fraud.

The exceptions were heard in the common pleas court, and overruled, and judgment was entered upon the award in said court. To the finding of the court, in overruling the exceptions, and entering judgment, the defendant appealed to the circuit court. A motion is made to dismiss the appeal on the ground that the case is not appealable, and, therefore, this court has no jurisdiction over the subject matter or the parties. This is the only question before us for determination.

The suit being one for the settlement of partnership matters, or in other words an equitable action, neither party was entitled to trial by jury.

The differences and disputes between the parties were made up by pleadings in the court of common pleas; and at that stage of the proceedings the parties entered into an agreement to arbitrate, the substance of which has been given.

The first question that is presented is, whether the agreement to arbitrate is one under the statute providing for arbitration—title 1, division 7, chapter 2, Revised Statutes of Ohio, and being Sections 5601 to 5613 inclusive; or it is merely a common law arbitration.

It is to be observed that the agreement contemplates and fixes the time and place of trial, the arbitrators are named, the result that they or a majority of them arrive at is to be made a rule of court, and the time for the commencement and the ending of the investigation are fixed by the agreement or contract; that the parties shall give to each other a bond for the faithful carrying out of the award that might be rendered in the cause.

With these terms, conditions and provisions in the contract, is the arbitration one under the statute, or is it an arbitration at common law?

There is one further element or feature that should be noticed reflecting on the question as to its being a statutory arbitration or otherwise.

Section 1 of the statute providing for arbitration, Section 5601, Revised Statutes, provides that "all persons who have any controversy, except when the possession or title of real estate may come in question, may submit such controversy to the arbitrament or umpirage of any person or persons, to be mutually agreed upon by the parties, and they may make such submission a rule of any court of record in the state."

If the possession or title to real estate is in controversy between the parties, these questions can not be submitted to arbitration, being excepted in the statute.

Is the possession or the title to real estate in controversy between these parties? It is agreed between them that the North Lawrence property is to be taken by defendant Bowman. No question about its possession or title is involved. There is real estate also in the city of Massillon, but there is no dispute or controversy about the possession or title of this property; who is to take it is to be determined by the arbitrators. The submission, therefore, is not one involving the possession or title of real estate, and not in violation of Section 5601, Revised Statutes

It is contended by counsel for defendant Bowman, that as the parties had joined issue by pleadings in the court of common pleas this fact affects the question as to their right to arbitrate or submit their controversies to arbitration. If disputes exist between parties it can make no difference whether their differences are made up by pleadings, or whether there are no pleadings, so far as their right to submit their differences to arbitration is concerned. If they give bond as contemplated by the statute, by naming the arbitrators therein, such difference may be submitted to arbitration.

Our conclusion is that the fact issues were made up by pleadings in the common pleas court furnishes no objection or reason why the parties could not legally submit their disputes to arbitration under the statute.

The statute is broad in its provisions. All persons who have any controversy, except as to the possession or title to real estate, may submit to arbitration, and agree that it should be made a rule of court in any court of record in the state.

We hold, therefore, that because this is an equitable action and the issues were joined by pleadings, these facts do not destroy or take away the right to arbitrate under the statute. And although real estate is a part of the assets of the contending parties, yet as neither the possession or title to the real estate is in dispute, arbitration may be had.

The bonds executed by the respective parties under the agreement contain the name of the arbitrators and are in conformity to the provisions of Section 5602, Revised Statutes. The agreement further provided that a majority of the arbitrators in fixing the award should be sufficient. This could not be the case if the arbitration were a common law arbitration; but under the statute, Section 5607, Revised Statutes, a majority is sufficient.

Our conclusion is that the arbitration or submission under the agreement in this case substantially complies with the statute, and, therefore, is a statutory arbitration. The statute of arbitration is a remedial statute, and being of that nature it is to be liberally construed (*Springfield* v. *Walker*, 42 Ohio St., 543). The submission being one under the statute, and the award hav-

ing been returned to the common pleas court, how if at all can the award be attacked?

Section 5611, Revised Statutes, provides that the award may be attacked: 1. When it appears on its face to be erroneous. 2. When it was obtained by fraud.

Exceptions were taken to the award by defendant on these as well as other grounds. The exceptions were all overruled and judgment was entered on the award. From this judgment the defendant appeals to the circuit court.

Does an appeal lie in such a case? This is the important question for our determination. "Where an award of arbitrators is filed in the court of common pleas, exceptions thereto overruled, and judgment upon the award, under Sections 5608, 5612, Revised Statutes, the case is not appealable to the district court under Section 5226, Revised Statutes" (*Moore* v. *Boyer,* 42 Ohio St., 312). We think this case is decisive of the questions we have here.

Arbitrators are constituted by the parties, under a statutory submission, chancellors, judges and jurors, having jurisdiction of the law and facts. *Ormsby* v. *Bakewell,* 7 Ohio (pt. 1), 98, 99, 113; *Moore* v. *Boyer, supra.*

Where jurisdiction is conferred by statute, as in this case, in matters submitted to arbitration, and no method is prescribed for bringing a case before an appellate court, the court is powerless to prescribe any method by rules and regulations either in matter of appeal or matters of error. It has been held by many authorities that conferring jurisdiction upon an appellate court, without prescribing any mode of bringing the action into the court, is in effect denying the jurisdiction of the court. *State* v. *Hanousek,* 19 C. C., 303; *Springfield* v. *Walker,* 42 Ohio St., 543.

The statute regulating trials by arbitration makes no provision for bringing a case into the circuit court by appeal, but does prescribe a remedy and the only one by attacking the award— that it is erroneous, or was obtained by fraud, collusion or misbehavior of the arbitrators; but if these grounds are overruled by the court to which the award is returned, the only way to review the holdings of the court, if at all, would be by proceed-

ings in error. Whether error will lie in such case is not before us, and we do not decide that question.

We hold that the case is not appealable, and the motion to dismiss the appeal is sustained.

*Atlee Pomerene,* for motion.

*Sterling & Brancher,* for defendant.